# IN THE COURT OF APPEALS OF IOWA

No. 19-1879
Filed January 9, 2020

**IN THE INTEREST OF D.B. and R.B.,**
**Minor Children,**

**E.B., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.


A mother appeals a permanency order transferring guardianship and custody of her two children to suitable others.  **AFFIRMED.**


Dusty Lea Clements of Clements Law and Mediation, Newton, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Larry J. Pettigrew of Pettigrew Law Firm, P.C., Ankeny, attorney and guardian ad litem for minor children.


Considered by Vaitheswaran, P.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

The children, born in 2003 and 2005, were removed from the mother's care in August 2018 due to the mother being homeless, her use of methamphetamine and sharing the substance with the children, and her leaving the children unsupervised. The children were adjudicated in need of assistance in September.

More than a year passed. The mother made little progress, if any. She refused drug testing. Her attendance at visitation was erratic. She did not engage in recommended treatment. A permanency hearing was held in October 2019, at which the Iowa Department of Human Services recommended the permanency goal be modified to transfer of guardianship and custody of the children to suitable other persons, "given the children's ages and the stability with their current placements and the relationship they have." The mother did not participate in the hearing, but her counsel requested a six-month extension. The court found the provision of an additional six months would not rectify the situation and transferred guardianship and custody of the children to suitable others. This appeal followed.

Following a permanency hearing, the court is required to take one of various actions. *See* Iowa Code § 232.104(2) (2018). Those actions include, among others, continuing placement of the children for six months or transferring guardianship and custody of the children to suitable others. *Id.* § 232.104(2)(b), (d)(1). The former option requires a "determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." *Id.* § 232.104(2)(b).

The mother's only argument on appeal is that she should have been granted a six-month extension. This case is markedly different from the case the mother

cites in support of her position, where we reversed termination of a mother's rights and allowed her an additional six months to work toward reunification. *See generally In re K.M.*, No. 16-0795, 2016 WL 4379375, at *7–9 (Iowa Ct. App. Aug. 17, 2016). There, we were able to "enumerate the specific factors, conditions, or expected behavioral changes which comprise[d] the basis for the determination that the need for removal of the child from the child's home [would] no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b); *see K.M.*, 2016 WL 4379375, at *8. The juvenile court was unable to make such a finding here. Upon our de novo review, *see In re K.C.*, 660 N.W.2d 29, 32 (Iowa 2003), neither are we. We affirm the permanency order without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**